UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MURTADA ABDALLAH MOHAMMED AHMED,

                          Petitioner,

        v.

WARDEN, NORTHWEST ICE PROCESSING CENTER, *et al.*,

                          Respondents.

Case No. C26-1964-SKV

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  He filed this 28 U.S.C. § 2241 habeas action through counsel to obtain release from immigration detention, arguing his detention violates the Immigration and Nationality Act ("INA") and its regulations, the Administrative Procedure Act ("APA"), and Due Process.  Dkt. 1 at 2.  He seeks release from custody and related injunctive relief.  *Id.*  Respondents filed a return, Dkt. 9, along with a sworn declaration from U.S. Department of Homeland Security ("DHS") Deportation Officer Gabriel Arambula, Dkt. 10, ("Arambula Decl.") and an unsworn declaration from their counsel, Jennifer Wong, Dkt. 11, ("Wong Decl.").  Petitioner filed a traverse in reply.  Dkt. 12.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

Having considered the parties' submissions and the governing law, the Court hereby GRANTS in part the petition, Dkt. 1, for the reasons set forth below.

## I.    BACKGROUND

Petitioner is a native and citizen of Sudan who first entered the United States near Lukeville, Arizona on August 2, 2024.  Arambula Decl., ¶ 4.  He was encountered by border patrol and taken into immigration custody.  *Id.*  The following day, he was served with a Notice and Order of Expedited Removal charging him with inadmissibility under the INA and ordering him removed from the United States.  *Id.* ¶ 5; *see* Wong Decl., ¶ 2, Ex. 2.

Petitioner remained in immigration custody until August 22, 2024, at which point he was conditionally released on an Order of Supervision ("OSUP") because DHS determined his removal to Sudan was not significantly likely to occur in the reasonably foreseeable future.  Arambula Decl., ¶ 6; *see* Wong Decl., ¶ 2, Ex. 3.

While released, Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS"), which was "administratively closed" on June 2, 2025.  Arambula Decl., ¶ 7.

On December 8, 2025, Petitioner was arrested by ICE after reporting to the Seattle ICE office pursuant to his reporting requirements under his OSUP.  *Id.* ¶ 8.  According to Officer Arambula, ICE "determined that Petitioner [had] a final order of removal and that there was now a significant likelihood of removal to Sudan in the reasonably foreseeable future."  *Id.*  He further asserts that "Sudan is accepting deportees from the United States."  *Id.*

Petitioner was thereafter transferred to the NWIPC, where he has since remained detained.  *Id.*

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

Petitioner was served with a Notice of Revocation of Release on December 9, 2025, which indicates that because his "fear claim was never fully adjudicated by USCIS," he was to be re-referred for a credible fear interview upon his arrival at the NWIPC.  Wong Decl., ¶ 2, Ex. 4.  On February 9, 2026, Petitioner attended the interview, at which USCIS "made a negative credible fear determination."  Arambula Decl., ¶ 10.  The negative finding was subsequently affirmed by an immigration judge on February 18, 2026.  *Id.*, ¶¶ 10-11; *see* Wong Decl., ¶ 2, Ex. 5.

ICE requested travel documents for Petitioner on March 11, 2026, which appears unfulfilled as of June 22, 2026.  Arambula Decl., ¶¶ 14-15.  Nevertheless, Officer Arambula asserts that "[ICE] has taken steps to effectuate Petitioner's removal to Sudan and believes that it will be able to obtain a travel document for Petitioner's removal in the reasonably foreseeable future."  *Id.* ¶ 12.

On June 5, 2026, Petitioner filed the instant petition, raising various claims and challenging his immigration detention as unlawful.  *See generally* Dkt. 1.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).

//

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

## III.    DISCUSSION

Petitioner raises three claims.  First, he asserts that his continued detention violates 8 U.S.C. § 1231(a)(6), as discussed in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal to Sudan is not significantly likely to occur in the reasonably foreseeable future.  Dkt. 1, ¶¶ 55-64.  Next, he asserts that, by failing to provide a meaningful custody review, ICE did not comply with federal regulations governing his redetention.  *Id.* ¶¶ 65-71.  Finally, he argues his continued detention "bears no reasonable relationship to the legitimate governmental purpose of effectuating removal" and that he has suffered a "significant deprivation of [his] liberty without due process of law[.]"  *Id.* ¶¶ 72-76.

Because the Court finds Petitioner's current detention has become presumptively indefinite under § 1231(a)(6), it does not reach his second and third claims.  Petitioner is entitled to release under *Zadvydas*, as further discussed below.

### A.    Petitioner's Detention has Become Presumptively Indefinite

The parties agree that Petitioner is subject to a final order of removal, but disagree that his detention has become effectively indefinite when analyzed under the framework articulated in *Zadvydas*.  *Compare* Dkt. 1, ¶¶ 55-64, *with* Dkt. 9 at 4-6.

The INA expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security (DHS) is required to detain a noncitizen during the 90-day "removal period."  8 U.S.C. § 1231(a)(2).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

supervision.  *See* 8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely.  *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States.  *See id.* at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id*.  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."  *Id*.  If the government is unable to meet its burden, then the noncitizen must be released from detention.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Here, regarding the initial six-month threshold, the parties incorrectly assert Petitioner's removal order became final on February 18, 2026.  *See* Dkts. 1, ¶¶ 44-45, 9 at 5.

The record reflects Petitioner was served with a Notice and Order of Expedited Removal under INA Section 235(b)(1) on August 3, 2024.  Wong Decl., ¶ 2, Ex. 2 at 2.  The record also reflects Petitioner did not claim a fear of returning to Sudan at the time he was initially detained and ordered removed.  *Id*., Ex. 1 at 2.  Accordingly, Petitioner's Order of Expedited Removal became final, and thus triggered the removal period under 8 U.S.C. § 1231(a)(1)(B), on the day it was entered.  *See* 8 U.S.C. § 1225(b)(1)(A)(i) (immigration officer shall order removal without further hearing or review unless that person indicates intent to apply for asylum or fear of persecution); *see also Dep't. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020)

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

("Once 'an immigration officer determines' that a designated applicant 'is inadmissible,' 'the officer [must] order the alien removed from the United States without further hearing or review.'" (citing § 1225(b)(1)(A)(i))).

Admittedly, Petitioner's subsequent asylum interview prevented the government from removing him to Sudan during the pendency of his asylum application. *See* 8 C.F.R. § 235.3(b)(4) (in such cases, examining immigration officer "shall not proceed further with removal ... until the [noncitizen] has been referred for an interview by an asylum officer"). However, nothing in the law or regulations operated to revoke the August 3, 2024, Order of Expedited Removal or otherwise render it nonfinal. *See Mendoza-Linares v. Garland*, 51 F.4th 1146, 1152 (9th Cir. 2022), *cert. denied*, —— U.S. ——, 144 S. Ct. 1392 (2024) ("Because a removal order had already been issued prior to the initiation of the credible-fear review process, the effect of the asylum officer's actions was to uphold and adopt that expedited removal order.").

Here, the IJ's February 18, 2026, order affirming DHS's negative credible fear determination simply returned Petitioner's case to DHS for expedited removal. *See* Wong Decl., ¶ 2, Ex. 5 at 3. It did not, as the parties contend, reflect the point at which Petitioner's removal order became final.

The parties agree that Petitioner has been in continuous detention since his December 2025 redetention. Dkts. 1, ¶ 4, 9 at 3. And having now clarified the date upon which Petitioner's removal order became final, the Court finds Petitioner's continuous post-final order detention under § 1231(a)(6) has exceeded the presumptively reasonable period recognized in *Zadvydas*.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

Petitioner has also shown good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Petitioner asserts he has been "continuously detained since December 2025 despite the absence of any meaningful progress toward effectuating his removal to Sudan." Dkt. 1, ¶ 44. He further asserts that conditions in Sudan have "substantially impaired normal governmental functions and complicated efforts to effectuate removals to Sudan." *Id.* ¶ 49. Finally, he points out that Respondents have not secured travel documents or obtained "acceptance from Sudan for [his] repatriation." *Id.* ¶¶ 50-51. The Court finds this sufficient to meet Petitioner's burden.

Respondents' vague assertion that, because Sudan is "accepting deportees at this time" ICE therefore believes it will be able to obtain travel documents for Petitioner, Dkt. 9 at 6, does not rebut Petitioner's showing. Petitioner's removal order is nearly two years old and Petitioner was previously released because there was a "low likelihood of removal in the reasonably foreseeable future." Wong Decl., ¶ 2, Ex. 4 at 2. While Respondents requested travel documents on March 11, 2026, that request remains pending. Arambula Decl., ¶ 14. Respondents provide no additional information to give the Court any sense of when they expect travel documents to issue or if Sudan has even agreed to accept Petitioner. Thus, without more, the fact that the Government has removed other Sudanese citizens is unhelpful as it relates to Petitioner. At most, the record reflects the Government may eventually obtain a travel document from Sudan for Petitioner's removal—not that his removal to Sudan is significantly likely in the reasonably foreseeable future. Courts consistently reject such vague generalizations from the Government regarding the likelihood of removal. *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) (collecting cases).

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

In sum, Petitioner's detention exceeds the six-month presumptively reasonable period, and Petitioner has demonstrated that his removal to Sudan is not significantly likely to occur in the reasonably foreseeable future.  Because his continued detention runs afoul of the INA, he is entitled to habeas relief.  *Zadvydas*, 533 U.S. at 699-700.

**B.      Remaining Claims and Requests for Relief**

The Court need not reach Petitioner's remaining claims, as relief would be duplicative to that ordered under *Zadvydas* above.

Petitioner also seeks permanent injunctive relief prohibiting Respondents "from subjecting [him] to [the] statutory violations and unconstitutional arrest and detention policies, practices, acts and omissions . . ." outlined in his petition.  Dkt. 1 at 14.

A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2008).  Petitioner does not engage with these factors in his petition.  His request for injunctive relief is accordingly denied without prejudice.

### IV.      CONCLUSION

Based on the foregoing, this Court ORDERS as follows:

(1)      Petitioner's petition for writ of habeas corpus, Dkt. 1, is GRANTED in part;

(2)      Respondents shall RELEASE Petitioner within **twenty-four (24) hours** of this Order, and shall file a notice with the Court within **forty-eight (48) hours** confirming Petitioner has been released from immigration detention; and,

(3)    Petitioner's request for injunctive relief is DENIED without prejudice.

(4)    The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 30th day of July, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9